IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CECIL HARREN COLE,

    Petitioner,

v.                                                                                CASE NO. 5:06-cv-00031-MCR-AK

JAMES MCDONOUGH[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 12, Second Amended Petition for Writ of Habeas Corpus, filed by Cecil Harren Cole. Respondent has filed a response, Doc. 19, and Petitioner has filed a reply. Doc. 24. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that habeas relief be denied.

## BACKGROUND

The petitioner, Cecil Harren Cole, was charged with three drug offenses–trafficking, selling, and possessing Oxycontin. Doc. 20, Ex. A. He was convicted of all three counts and sentenced to twenty-five years imprisonment.[2] *Id*.

---

[1] Petitioner originally named James Crosby as the respondent in this action. Mr. Crosby is no longer the Secretary for the Florida Department of Corrections, and his replacement, James McDonough is hereby substituted in his stead.

[2] Upon Petitioner's 3.800 motion to correct sentencing error, the convictions for selling and possessing were vacated and deleted based on double jeopardy. Doc. 20, Ex. C. The 25-year sentenced remained intact, however, because "he only received a ***mandatory minimum sentence***." *Id*. (emphasis in original).

Petitioner directly appealed his conviction and sentence, which were affirmed. *Cole v. State*, 871 So.2d 877 (Fla. Dist. Ct. App. 2004). The court subsequently denied Petitioner's motion for rehearing. Doc. 20, Ex. R.

Thereafter, Petitioner filed a 3.850 motion for post-conviction relief in which he raised three grounds for relief:

> "Defense counsel was ineffective when he failed to object to a procedural right of first and last closing argument in violation of his fifth, sixth and fourteenth amendment rights to the constitution and corresponding of the provisions of the Florida constitution";
>
> "Defense counsel was ineffective when he failed to advise his client of the pros and cons of testifying at trial and that it was his constitutional right to do so, thereby, when the judge questioned him on this he was unable to make an intelligent decision in violation of Defendant's fifth, sixth, and fourteenth amendment rights and corresponding provisions of the Florida Constitution";
>
> "Defense counsel was ineffective as he failed to do several things before and during trial; such as, pretrial investigation, no contact with his client, did not object to the chain of custody on the evidence (120) pills, should had motioned to suppress the (119) pills that were not tested and was unaware that the state made a deal with at least one of the state's two key witnesses in exchange for their testimony against Mr. Cole, in violation of his fifth, sixth and fourteenth amendment rights and corresponding provisions of the Florida Constitution."

Doc. 20, Ex. T.

The state court, citing Florida case law interpreting *Strickland* and the record evidence, rejected each claim, concluding:

> The Defendant's first [claim] asserts that counsel was ineffective for failing to secure first and last closing argument pursuant to Fla. R. Crim. P. 3.250. However, the Defendant entered a prescription into evidence. Therefore, the defense forfeited the concluding argument.
>
> Second, the Defendant contends that his counsel was ineffective for failing to discuss the possibility of having the defendant take the stand. However, the record conclusively refutes this claim.

> Finally, the last claim contains a variety of allegations of ineffective assistance of counsel. The main assertion in this claim alleges that counsel should have moved to suppress 119 of the 120 pills entered into evidence because only one pill was tested and proven to by OxyContin. However, the Defendant has failed to plead specific and positive prejudice because he has not asserted that the untested pills were not actually OxyContin. Further, the standard for admissibility of evidence is not, as the Defendant contends, that all 120 pills be shown to be OxyContin within a reasonable degree of scientific certainty. The evidence at trial established the investigating deputies found a pill bottle with 120 pills located in a Federal Express package delivered to the Defendant. The detective who examined the pills noted that they were all uniform. Defense counsel then cross-examined the detective, highlighting the fact that the remaining pills were not tested in any manner. Therefore, the evidence is clearly relevant evidence and admissible, and the weight of the evidence was properly challenged by defense counsel during cross-examination. Therefore, counsel's performance cannot be held to be deficient.
>
> The remainder of the Defendant's allegations in this claim are insufficiently pled therefore result in bare allegations.

*Id*. (footnotes and citations omitted).

Petitioner appealed this ruling, which was affirmed. *Cole v. State*, 913 So.2d 601 (Fla. Dist. Ct. App. 2005). He then filed a § 2254 petition in this Court, which was subsequently amended. Docs. 1, 6, & 12.

On this occasion, Petitioner raises three claims of ineffective assistance of counsel: (1) that counsel failed to object to "'pro. right of first and last closing argument'"; (2) that counsel failed to advise him about testifying on his own behalf; and (3) that counsel failed "'to do several things for [Petitioner] before and during trial.'" Doc. 12 at 4-5. Each will be considered in turn.

**DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

>  (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

1.   Counsel failed to object to "'pro. right of first and last closing argument.'"

As previously noted, the state court found this claim to be without merit on the ground that Defendant forfeited the right under Florida law to give the first and last closing arguments

after he entered a prescription into evidence.  At the time of Petitioner's trial, Rule 3.250 of the Florida Rules of Criminal Procedure entitled a defendant to make the opening and concluding arguments in closing if he offered no witnesses or documentary evidence or if he offered no one other than himself as a witness.[3]  *Lamar v. State*, 583 So.2d 771, 772 (Fla. Dist. Ct. App. 1991); *Gari v. State*, 364 So.2d 766, 767 (Fla. Dist. Ct. App. 1978).  A defendant's introduction of evidence during the cross-examination of a State witness deprives the defendant of this procedural opportunity.  *Grimsley v. State*, 304 So.2d 493, 494-95 (Fla. Dist. Ct. App. 1974).

Because counsel introduced a pill bottle with Petitioner's name on it for a prescription for OxyContin during his cross-examination of a State witness (presumably to show that the intercepted pills were for Petitioner's personal use, not for sale), he was not entitled to take advantage of Rule 3.250, and thus, he did not act deficiently by failing either to request first and last closing arguments or to object "when he was caught between [the State's] opening and closing argument." Doc. 12 at 8.  The state court's ruling is therefore neither contrary to nor an unreasonable application of *Strickland*.

    2.    Counsel failed to advise Petitioner about testifying on his own behalf.

The post-conviction court likewise found this claim to be "conclusively" refuted by the record.  In support of that conclusion, the court cited to the following exchange between Petitioner and the trial judge after the State rested its case in chief:

    THE COURT:    Mr. Cole, I need for you to stand and raise your right hand

---

[3]In 2007, Rule 3.250 was amended to delete the portion related to closing argument, and a new rule, Fla. R. Crim. P. 3.381, giving the State the right to open and close the closing arguments, was adopted.  *In re Amendments to Florida Rules of Criminal Procedure*, 957 So.2d 1164 (Fla. 2007).

for me, please.

(Defendant sworn.)

THE COURT: You're Cecil Cole, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you had a chance to talk with your attorney about whether or not you're going to testify in this case?

THE DEFENDANT: Yes, ma'am.

THE COURT: And has he explained to you that the Constitution provides that you do not have to testify, you have the right to remain silent–

THE DEFENDANT: Yes, ma'am.

THE COURT: –and that it's the State's burden to prove their case against you beyond a reasonable doubt?

THE DEFENDANT: Yes, ma'am.

THE COURT: And has he also explained to you that if you should decide to testify, you will be subject to the same kind of cross-examination by [the State] that Mr. Williams has been doing on your behalf?

THE DEFENDANT: Yes, ma'am.

THE COURT: I don't think there are any convictions that are at issue, but the State essentially would be free to cross-examine you in front of the jury.

THE DEFENDANT: Yes, ma'am.

THE COURT: And given the fact that it is the State's burden of proof and you have a presumption of innocence and you don't have to take the stand–sometimes the best thing to do is to remain silent.

THE DEFENDANT: Yes, ma'am.

| | |
|---|---|
| THE COURT: | All right. And you feel like you've had an ample opportunity to talk with [your counsel] about that? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | And what is going to be your decision in this case? |
| THE DEFENDANT: | I will not take the stand. |
| THE COURT: | All right, sir. That's fine. Are you satisfied with the defense that Mr. Williams has provided for you in this case? |
| THE DEFENDANT: | Yes, ma'am. |

Doc. 20, Ex. B at 102-03.

> Petitioner maintains that
>
> this questioning does not cure the problem...because trial counsel did not mention whether he was going to testify, nor did he advise him of this right to testify.
>
> Hence, [Petitioner] was in an unprepared state of mind and unable to knowingly, and intelligently, decide whether he should testify or not when the trial court questioned [him] on this topic.

Doc. 12 at 8-C.

    As previously noted, there is a presumption that factual findings made by the state court are correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. Indisputably, Petitioner has not met his burden of overcoming the presumption of correctness afforded the state court's determination that the record conclusively refutes Petitioner's claim. It is clear that the court properly advised Petitioner regarding his right to testify or to remain silent, and that Petitioner unequivocally told the court that he had made his decision not to testify after discussions with his attorney. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations

unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). In this Court's opinion, Petitioner's allegations are, as the state court found, "contentions that in the face of the record are wholly incredible."

      3.      Counsel failed "'to do several things for [Petitioner] before and during trial.'"

In this claim, Petitioner charges counsel rendered ineffective assistance by failing (1) to uncover a discovery violation by the State regarding a deal it had made with one of the key witnesses, (2) to object to a broken chain of custody, and (3) to file a motion to suppress the pills that were not tested by the State. As previously noted, the state court found the first two claims to have been insufficiently pled, while it dealt with the third on the merits.

The Court begins with the third claim, which the state court rejected, finding neither deficient performance nor prejudice from counsel's actions. Petitioner maintains that if counsel had moved to suppress the 119 pills which were not tested, he would not have been convicted of trafficking in over 28 grams of oxycodone, but only simple possession of the one pill tested which was found to be oxycodone.

Having carefully considered the matter, the Court finds that the state court's decision is neither contrary to nor an unreasonable application of *Strickland*. As the state court noted, Petitioner has no proof whatsoever that the other 119 pills were not oxycodone. As the State's witness testified, the other pills were "uniform" and by testing only one pill, "as opposed to all of them," she followed the "procedure within our laboratory." Doc. 20, Ex. B at 93. According to the witness, there was no "indication on the rest of the pills that it was anything other than OxyContin[.]" *Id*. The pills had "an '80' on one side and an 'OC' on the other side," which is

"typical of OxyContin[.]" *Id*. at 98-99.  Petitioner's attorney pointed out on cross-examination that the witness did not count the other pills or perform any scientific testing on them but merely "eyeball[ed] them" in reaching her conclusion that all of the pills seized were oxycodone in an obvious attempt to discredit her conclusions, *id*. at 96, and in his motion for judgment of acquittal, he argued that the State had failed to carry its burden "of production to show that those remaining pills are, in fact, oxycodone or OxyContin," since the witness did not testify "within a reasonable degree of scientific certainty that those were oxycodone or OxyContin." *Id*. at 100.  The fact that counsel chose to attack the State's evidence during trial, rather than pre-trial, does not mandate a finding of deficient performance, as the timing of an evidentiary attack is generally a matter of trial strategy.  Furthermore, it is also obvious from the court's denial of the judgment of acquittal that there is not a reasonable probability that it would have suppressed the other pills even if counsel had made the motion before trial.  Indeed, Florida allows the "random positive testing of one suspect illegal pill commingled in a single packet containing other similar-looking pills" to prove "that the entire packet...contains illegal pills...." *Ross v. State*, 528 So.2d 1237, 1240 (Fla. Dist. Ct. App. 1988); *Asmer v. State*, 416 So.2d 485, 487 (Fla. Dist. Ct. App. 1982).  Thus, counsel did not act deficiently in failing to move to suppress the untested pills, and Petitioner was not prejudiced by counsel's decision.

As to the other two claims of ineffectiveness, the Court reaches a similar conclusion. In his reply, Petitioner charges that if counsel had objected to or conducted discovery regarding a deal that the State had made with Chad Hartley, "there is a reasonable probability of a different out[come] of the trial." Doc. 24 at 8-9. He does not further elaborate on this claim. In any event, it is patently without merit. Even if counsel was somehow caught off-guard by Hartley's testimony about the "deal" he made with the State, counsel effectively questioned Hartley regarding his addition to drugs, the ten-year minimum mandatory sentence he was facing on an unrelated armed burglary charge, and the State's grant of use immunity for his testimony and secured an admission from him that he was "hoping that by coming in here and saying these things today, that [he was] going to get a lenient sentence[.]" Doc. 20, Ex. B at 79-80. Counsel then used these matters, along with Hartley's extensive criminal history, in his closing argument as "reason[s] for not believing him." Furthermore, Petitioner does not explain how prior knowledge about this "deal" would have changed the outcome of the trial. The court would not have excluded him as a witness on that basis, and when the totality of Hartley's testimony is considered, the Court cannot fathom what additional information counsel could have secured pre-trial to impeach Hartley further than he did.

As to his claim that counsel should have objected to the chain of custody, he offers nothing to show that chain of custody was even an issue. *See Garcia v. State*, 873 So.2d 426, 427 (Fla. Dist. Ct. App. 2004) (State not required to establish complete chain of custody where record does not demonstrate there was probability of tampering with evidence); *Davis v. State*, 788 So.2d 308, 310 (Fla. Dist. Ct. App. 2001) (to bar introduction of otherwise relevant evidence due to gap in chain of custody, defendant must show there was probability, not just possibility,

of tampering with evidence). In his reply, Petitioner again raises the issue regarding the failure of counsel to object to the "one pill which was weighed and tested out of (120)," Doc. 24 at 9-10, but as previously found, that claim has no merit, as Florida law allows the inference to be made that all of the pills in a single bottle are the same as the one pill selected for testing. Counsel is never ineffective for failing to raise frivolous arguments.

## CONCLUSION

Having carefully considered the matter, the Court respectfully **RECOMMENDS** that second amended petition for writ of habeas corpus, Doc. 12, be **DENIED**, and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *12th* day of October, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**